CARR, APPELLANT, *v.* DEPARTMENT OF INSURANCE ET, APPELLEE.

Common Pleas Court, Franklin County.

No. 214362. Decided September 8, 1962.

*Mr. Paul F. Ward,* for appellant.

*Mr. William P. Meehan,* assistant attorney general, for movant.

SATER, J. This case is before us on appellee's motion to dismiss Carr's appeal for failure to comply with Section 119.12, Revised Code. The motion is sustained.

The first sentence of Section 119.12, Revised Code, controls this case and this appeal; no other portion of that statute,

or of any other statute, is pertinent. The relevant portion of that sentence is:

"Any party adversely affected by an order of an agency (State) . . . revoking or suspending a license, may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident." . . .

Appellant gags over the verb "may." That word as used in this law does no more than preserve the right of appeal and establish convenient venue if the disaffected party shall choose to use that right of appeal. If the word "shall" had been used, that same party would be compelled to appeal whether he wanted to or not. An absurdity. Nor may we say that "may" has one meaning in this statute and another (the opposite) in, for example, Sections 2101.42, 2505.23 and 2505.24, Revised Code.